## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| AMERICAN CREDIT ACCEPTANCE, LLC, <br> 961 E. Main Street, 2nd Floor <br> Spartanburg, South Carolina 29302 <br><br> Plaintiff, <br><br> v. <br><br> DRIVE ACCEPTANCE CORPORATION <br> PO BOX 3127 <br> Moultrie, GA 31776 <br><br> GEORGIA CAR CREDIT, INC. <br> 701 GA Highway 133 South <br> Moultrie, GA 31788 <br><br> JERRY LEE FRAZIER, JR. <br> 701 GA Highway 133 South <br> Moultrie, GA 31788 <br><br> JLF HOLDINGS, INC. <br> 701 GA Highway 133 South <br> Moultrie, GA 31788 <br><br> Defendants. | Civil Action No. 7:13-cv-00080-HL |

### ORDER GRANTING JOINT MOTION FOR PERMANENT INJUNCTION

THIS CAUSE comes before the Court upon the Joint Motion For Entry of Permanent Injunction ("Joint Motion") of Plaintiff American Credit Acceptance

("ACA") and Defendants Drive Acceptance Corporation ("Drive"), Georgia Car Credit, Inc. ("GCC"), Jerry Lee Frazier, Jr. ("Frazier Jr.") and JLF Holdings, Inc. ("JLF") (referred to collectively as "Defendants"). Specifically, in the Joint Motion, Plaintiff seeks permanent injunctive relief against Defendants with respect to certain consumer accounts ("Accounts"), retail installment sales contracts ("RISCs") and automobiles that secure the Notes, Funding Agreement and/or Amended Funding Agreement, all as amended, between Drive and ACA and/or which are subject to any Receivables Purchase Agreements between Drive and ACA, as those terms are defined in ACA's Complaint. In the Joint Motion, Defendants indicated their consent to the Court entering the permanent injunction requested by Plaintiff.

Accordingly, the Court, for good cause shown, hereby GRANTS the Joint Motion and hereby ORDERS that:

1. Defendants, anyone acting on their behalf or in concert with them, and any companies that they control, are permanently enjoined from contacting any existing or future consumer or borrower associated with any existing or future Account and/or RISC or for any reason associated with any existing or future Account or RISC and/or payment on the Account or RISC.

2. Defendants, anyone acting on their behalf or in concert with them, and any companies that they control, will not collect or seek to collect on, or accept payment on, any existing or future Account and/or RISC.

3. Defendants will execute any and all notices or documents deemed necessary by ACA to provide any information or instructions to consumers or borrowers with respect to any existing or future Account, RISC or automobile.

4. If Defendants, or any of them, receive any payment or monies with respect to any existing or future Account or RISC, Defendants will remit that payment or those monies to ACA within 24 hours of receipt.

5. Defendants, anyone acting on their behalf or in concert with them, and any companies that they control, will not repossess any automobile associated with any existing or future Account or RISC or encourage or induce any borrower or consumer to voluntarily surrender such automobile to them.

6. If Defendants, or any of them, comes into possession of any automobile associated with any existing or future Account or RISC, Defendants will notify ACA within 24 hours of receipt, surrender the automobile to ACA and provide ACA with reasonable opportunities to obtain the automobile.

7. Defendants shall not be required to respond to the Complaint.

SO ORDERED this __9th__ day of October, 2013.

                                                                           _s/Hugh Lawson_
                                              The Honorable Hugh Lawson
                                              United States District Court
                                              Middle District of Georgia